MARGARET MUNSON, APPELLANT, v. BISHOP CLARKSON
MEMORIAL HOSPITAL, A CORPORATION, APPELLEE.

186 N. W. 2d 492

Filed April 30, 1971. No. 37763.

Harold W. Kauffman and Eugene P. Welch of Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellant.

John B. Henley of Cassem, Tierney, Adams & Henatsch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Plaintiff seeks to recover for personal injuries sustained in a fall while crawling out over the foot of a hospital bed. Verdict and judgment were entered for defendant. On appeal, the only question presented is the propriety of an instruction on assumption of risk. We affirm the judgment of the district court.

The propriety of the instruction on assumption of risk depends upon the evidence. Was there evidence,

although not undisputed, to support it? Plaintiff maintains that shortly after 9 p.m. on April 22, 1967, while in a hospital bed with the side rails raised, she found it necessary to urinate and pushed the button to energize the signal light and call for assistance. She says she waited 30 or 40 minutes until her situation became urgent and help not having arrived, she attempted to get out over the foot of the bed. She further states that she fell, injured her hip, and accidentally urinated on the floor.

Another lady, occupying the same room, saw plaintiff fall and helped her back into bed. She says plaintiff did not first go to the toilet before returning to bed and she does not mention any urination on the floor or change of night clothing. Nothing was said about the call light or a failure to answer it and she did not observe that it was on.

The hospital records, verified by nurses making the entries, disclose that at 9 p.m. on the evening in question a nurse attended plaintiff, spent 15 to 30 minutes preparing her for sleep, and had her urinate so that a sample could be obtained. When the call light is operated, it lights a light in the patient's room, one over the door, one in the utility room, and one at the nurses' station. It also activates a buzzer at the nurses' station which can only be shut off in the patient's room. It is the practice to answer calls as quickly as practicable and generally within 3 to 5 minutes.

The evidence would support a finding contrary to plaintiff's asserted urgent need to go to the toilet and to her assertion that her call was ignored. There is also evidence that plaintiff had been warned several times to call for assistance when she desired to leave her bed and not to attempt it by herself. In view of the warnings she had received, the jury could find she was aware of the risk in getting out of bed as she did. It could also find that she deliberately and unnecessarily assumed that risk.

"The maxim 'volenti non fit injuria' means: If one, knowing and comprehending the danger, voluntarily exposes himself to it, though not negligent in so doing, he is deemed to have assumed the risk and is precluded from a recovery for an injury resulting therefrom." The maxim is applicable to negligence actions in this jurisdiction and is not inconsistent with the defense of contributory negligence. O'Brien v. Anderson, 177 Neb. 635, 130 N. W. 2d 560. See, also, Kaufman v. Tripple, 180 Neb. 593, 144 N. W. 2d 201.

As pointed out above, there was evidence submitted in the trial of this case sufficient, if believed, to establish all the elements inherent in the defense of assumption of risk. It was not error to instruct on this defense. It is the duty of the trial court to submit to the jury all material issues which are presented by the pleadings and supported by evidence. Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531, 82 A. L. R. 2d 714; Stillwell v. Schmoker, 175 Neb. 595, 122 N. W. 2d 538.

The judgment of the district court is affirmed.

AFFIRMED.