WILLIAM R. BAKER, APPELLANT, V. JOSEPH S. DALY, SPECIAL ADMINISTRATOR OF THE ESTATE OF LEONARD LOUIS DUFFY, ET AL., APPELLEES.

211 N. W. 2d 123

Filed October 12, 1973. No. 38926.

David A. Johnson and Ronald H. Stave, for appellant.

Martin A. Cannon and Francis P. Matthews of Matthews, Kelley, Cannon & Carpenter, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

In this action plaintiff seeks to recover for personal injuries received, as a pedestrian, when struck by the automobile of defendant's decedent Duffy. Verdict and judgment were for defendant. We affirm that judgment.

There are three assignments of error. The first two charge certain items of evidence were erroneously admitted and the third questions the propriety of an instruction.

The accident occurred at an open intersection in Omaha, Nebraska. Plaintiff was crossing the street from east to west and was struck by the Duffy car proceeding south in the southbound lane. Whether or not plaintiff was in the crosswalk is disputed. A more detailed statement of the facts appears in a former opinion rendered in this case and found in Baker v. Daly, 188 Neb. 156, 195 N. W. 2d 755.

A police officer who investigated the accident was called by plaintiff. He testified he talked with Leonard Louis Duffy, the driver of the car who was deceased at the time of trial. Duffy estimated his speed at 20 to 25 miles per hour, said he was southbound, and first noticed danger at a distance of 5 to 10 feet. On cross-examination the officer was permitted, over objection, to relate further statements made by Duffy to the effect that the pedestrian appeared to stop and Duffy thought the pedestrian saw the approaching car. Duffy further told the officer that the pedestrian appeared to have run into the side of his left-front fender and was moving at an angle. Plaintiff insists that the statements elicited on cross-examination were inadmissible as hearsay and self-serving. When part of a declaration or conversation is given in evidence by one party, the whole on the same subject may be inquired into by the other. See § 25-1215, R. R. S. 1943. It will be noted that the only qualification of this rule requires that the additional statements be "on the same subject" matter. It is apparent that such additional statements are admissible when they tend to explain or make the statements brought out by plaintiff more understandable. The statement by Duffy that he ascertained the existence of danger only when at a distance of 5 or 10 feet is ambiguous. The meaning becomes clear when the further statements to the effect that plaintiff appeared to stop, to see the approaching car, and to run into it are considered. An eyewitness testified she saw plaintiff walk or lope into the side of the car; consequently admission of the state-

ment to this effect made by Duffy could scarcely be prejudicial. "The admission of evidence under the provisions of section 25-1215, R. R. S. 1943, falls within the area reserved to the sound discretion of the trial court. The trial court must determine whether the evidence offered is on the same subject. Its ruling will not be regarded as erroneous unless there is a clear abuse of discretion." Spani v. Whitney, 172 Neb. 550, 110 N. W. 2d 103.

Plaintiff maintains that error occurred when a lay witness was permitted to give his definition of a crosswalk. Examination of the record fails to sustain this allegation as the witness was asked only if he knew what was meant by a crosswalk. The assignment is without merit.

The final assignment of error criticizes the giving of the following instruction: "It is the duty of a pedestrian who is in a place of safety, and who sees or could have seen the approach of a moving vehicle in close proximity to him, not to move from his place of safety into the path of such vehicle." Defendant pleaded contributory negligence generally. "A general averment that the defendant was negligent, without setting out the negligent acts or omissions, is sufficient, unless the pleading be attacked by motion." Union P. Ry. Co. v. Vincent, 58 Neb. 171, 78 N. W. 457. See, also, Hamilton v. Omaha & C. B. St. Ry. Co., 152 Neb. 328, 41 N. W. 2d 139.

There was testimony that plaintiff walked or loped into the Duffy car, that he then sat down, and that the spot where he sat was some little distance south of the crosswalk. The jury could have concluded that plaintiff did not cross the street at the crosswalk and consequently did not have the right-of-way. Similar instructions have been approved under like circumstances. See Larsen v. Omaha Transit Co., 168 Neb. 205, 95 N. W. 2d 554. Plaintiff concedes he saw the Duffy car before he entered the street. He did not look again until he had

crossed the centerline and the car was upon him. Had he waited at the curb, or at the centerline, for the car to pass, the accident would have been avoided. "It is the duty of the trial court to submit to the jury all material issues which are presented by the pleadings and supported by evidence." Munson v. Bishop Clarkson Memorial Hospital, 186 Neb. 778, 186 N. W. 2d 492.

The judgment of the District Court is affirmed.

AFFIRMED.