560 P.2d 105 (1977)
Pamela Jean BROWN, Plaintiff-Appellee,
v.
Richard Charles KREUSER, Defendant-Appellant.
No. 76-175.
Colorado Court of Appeals, Div. I.
January 27, 1977.
*106 Walton, Robinson & Shields, Norman E. Walton, Colorado Springs, for plaintiff-appellee.
Rector & Retherford, J. Stephen Mullen, Colorado Springs, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
Defendant Richard Charles Kreuser appeals from a judgment of $12,870 entered against him, after a trial by jury, for injuries to plaintiff arising from a traffic accident in Colorado Springs. We affirm.
The accident occurred when plaintiff made a left turn out of a parking lot onto a four-lane street, and into the path of a vehicle driven by defendant. Defendant, a deputy sheriff, was responding to a burglary in progress. He was driving at a speed in excess of the speed limit, but neither the warning lights nor siren on his patrol car were being used. Plaintiff testified that she saw defendant's car before she entered the street, but that his car appeared to be far enough away so as to pose no danger to her. Upon entering the street, however, plaintiff's car was hit by defendant's patrol car, and she was injured. The jury found defendant 100 percent negligent and found no negligence on the part of plaintiff.
Defendant contends that the court erroneously refused his tendered instruction on assumption of risk. This allegation of error presents a question not previously decided in Colorado: In a tort action where the comparative negligence statute is applicable, is the affirmative defense of assumption of risk available to a defendant as a bar to a plaintiff's recovery? The answer is in the negative.
The exact nature of the defense of assumption of risk has been a subject of vigorous debate. See, e.g., 2 F. Harper & F. James, Torts § 21.1 (1956) and (1968 Supp.); W. Prosser, Torts 454 (4th ed.).
One view of assumption of risk is that it is an independent doctrine grounded on the maxim volenti non fit injuria"he who consents cannot receive an injury." Under this view, assumption of risk is not an issue *107 of negligence, but of consent, and the reasonableness of the plaintiff's conduct is not relevant. See Restatement (Second) of Torts § 496A.
The contrasting view of assumption of risk is that, rather than being a single independent doctrine, it is a catchword for two separate concepts which are familiar in the law of torts, that is: (1) By the voluntary but reasonable encounter of a known risk, the plaintiff has excused the defendant from a duty defendant otherwise owed plaintiff; or (2) by voluntarily and unreasonably encountering a known risk created by defendant's negligence, the plaintiff is himself guilty of negligence contributing to his own injuries. See Meistrich v. Casino Arena Attractions, Inc., 31 N.J. 44, 155 A.2d 90, 82 A.L.R.2d 1208; Harper & James, supra, at 1162.
In the absence of a comparative negligence statute, any distinctions between assumption of risk and contributory negligence were somewhat academic, as application of either doctrine in a negligence suit would lead to the same resultthe plaintiff would be denied any recovery. See, e.g., Packard v. Quesnel, 112 Vt. 175, 22 A.2d 164. With enactment of a comparative negligence statute, however, the distinction is significant. Unless the statute limiting the effect of contributory negligence is coupled with express language as to the operation of the doctrine of assumption of risk,[1] a decision as to the exact nature of the doctrine is needed to determine whether or not the doctrine remains viable under the statute as a total bar to a plaintiff's recovery.
Under the volenti non fit injuria view of assumption of risk, the defense is not dependent on the plaintiff's negligence, and a plaintiff's assumption of risk under this theory would continue to act as a complete bar to a defendant's liability, even after the enactment of a comparative negligence statute. Relying on this doctrine, the courts of Arkansas,[2] Georgia,[3] Nebraska,[4] and possibly South Dakota,[5] have retained assumption of risk as a complete defense to a defendant's liability following enactment of their comparative negligence statutes.
In contrast, under the Meistrich v. Casino Arena Attractions, Inc., view of assumption of risk, the second, or "unreasonable conduct," branch of the doctrine is indistinguishable from contributory negligence, and thus, under a comparative negligence statute, such conduct should be compared to that of a negligent defendant in the same manner as any other allegedly negligent conduct by a plaintiff. In conformance with this view of assumption of risk, a majority of the comparative negligence states addressing the problem, i.e., California,[6] Hawaii,[7] Idaho,[8] Maine,[9] Minnesota,[10] New Hampshire,[11] North Dakota,[12] Washington,[13] and Wisconsin,[14] have abolished the doctrine as a separate defense in negligence *108 actions under their comparative negligence statutes. Mississippi, while upholding the continuing existence of the defense, has held that, to the extent the doctrine coincides with contributory negligence, apportionment under comparative negligence is to control. Braswell v. Economy Supply Co., 281 So.2d 669 (Miss.).
The status of assumption of risk under comparative negligence has not been addressed by the legislature of Colorado or by prior judicial decision. However, Colorado decisions decided before the enactment of our comparative negligence statute give us strong guidance in determining the status of the doctrine in Colorado. In Colorado, a person assumes the risk of injury or damage resulting from the negligence of another if he voluntarily and unreasonably exposes himself to injury or damage with knowledge and appreciation of the danger and risk involved. Colo.J.I. 9:21; Cox v. Johnston, 139 Colo. 376, 339 P.2d 989.
Several Colorado cases have classified assumption of risk as a form of contributory negligence. See Maloney v. Jussel, 125 Colo. 125, 241 P.2d 862; Boulder Valley Coal Co. v. Jernberg, 118 Colo. 486, 197 P.2d 155; United Brotherhood v. Salter, 114 Colo. 513, 167 P.2d 954; Wilson v. Hill, 103 Colo. 409, 86 P.2d 1084. As a result of the view expressed in these cases, we hold that the doctrine of assumption of risk should be treated under comparative negligence in the same manner as other negligent conduct by a plaintiff. Hence, in actions tried under comparative negligence principles, the fact that a plaintiff knowingly and voluntarily encountered a risk is a factor for the jury to consider in apportioning the respective negligence of the parties, but should not necessarily act as a complete bar to a plaintiff's recovery.
In the present case, while conceding that assumption of risk may be merely a form of negligence under comparative negligence, defendant contends that separate instruction on this particular form of negligence is still required. We disagree.
Colorado cases decided prior to the enactment of the comparative negligence statute recognize that the issues of contributory negligence and assumption of risk are closely akin to one another and instructions as to both doctrines might be overlapping and unnecessary. Eisenhart v. Loveland Skiing Corp., 33 Colo.App. 120, 517 P.2d 466. See Huguley v. Trolinger, 169 Colo. 1, 452 P.2d 1006; Bennett v. Gitzen, 29 Colo.App. 271, 484 P.2d 811. We find this principle to be even more compelling under comparative negligence. Instructions on determining comparative negligence percentages of the plaintiff and defendant, such as those in Colo.J.I. 9:31, et seq., sufficiently cover the conduct heretofore classed as assumption of risk in Colorado, and no separate instruction on this issue should be given. Thus, the trial court in the present case correctly refused defendant's tendered instruction on assumption of risk.
Defendant also contends that the court erroneously excluded his tendered instructions on "Looking but Failing to See as Negligence." Colo.J.I. 9:10. Again, we disagree.
Since the evidence undisputedly showed that plaintiff had in fact seen defendant's car when she looked in the direction of his approach, the trial court correctly determined there was no evidence to support giving this instruction. See Houser v. Eckhardt, 168 Colo. 226, 450 P.2d 664. Cf. Fabling v. Jones, 108 Colo. 144, 114 P.2d 1100.
Defendant also claims that the court failed to instruct the jury that plaintiff had a duty of reasonable care toward defendant even though defendant was exceeding the speed limit. The court instructed the jury on the applicable traffic ordinances, on proximate cause, on apportioning the percentages of negligence, and on the duty of a driver to use reasonable care even when he has the right-of-way. Thus, plaintiff's duty was correctly stated, and there was no error.
Defendant next contends that the court erred in refusing to grant a mistrial after plaintiff's counsel made an apparent *109 reference to future damages during closing argument. The court had previously ruled that there was no evidence of future damages, and therefore refused plaintiff's tendered instructions on the issue. Defendant's objection to the comment at the time it was made was sustained, but the court ruled that the comment was not intentional or prejudicial to defendant, and refused to grant a mistrial. The decision not to grant a mistrial under such circumstances is within the sound discretion of the court, and will not be disturbed on appeal absent a clear showing of abuse. See Johns v. Shinall, 103 Colo. 381, 86 P.2d 605. We find no such abuse here.
Defendant next contends that plaintiff failed to establish that her claimed injuries were proximately caused by defendant's actions. Plaintiff had suffered a fall approximately three months after her collision with defendant's car, and in that fall aggravated the injury to her neck allegedly suffered in the collision with defendant. Defendant asserts that plaintiff failed to separate and apportion sufficiently the damages and injuries she suffered in each accident.
Our review of the record indicates that plaintiff's evidence was sufficient to allow the jury to determine the damages incurred solely as a result of defendant's act. Defendant cites the case of Bruckman v. Pena, 29 Colo.App. 357, 487 P.2d 566, as authority for his contention that the burden of proportioning damages between the two accidents was improperly placed on defendant. In Bruckman, we found error in a portion of an instruction that affirmatively placed a duty on a defendant to produce evidence allowing apportionment, or else be subject to liability for the entire disability. In the present case, however, plaintiff's physician testified as to the injuries complained of both before and after the occurrence of the second accident, and gave his opinion as to the relative severity of the injuries sustained in each accident. The jury was instructed that plaintiff could not recover for any ailments or disabilities which were not caused or contributed to by defendant. Hence, the burden was correctly placed on plaintiff to show which of her injuries resulted from the original collision, and her evidence was sufficient to satisfy that burden.
Finally, defendant contends that it was error to exclude the testimony of a sergeant of the sheriff's department who would have testified as to departmental policy with regard to speed and use of lights and sirens when officers are responding to a crime in progress.
Exclusion of this testimony was not error, as such a policy could not supersede either the city traffic ordinances or state statutes. Since defendant was not using his lights and siren, and was not pursuing a traffic violator, he was subject to the same traffic provisions as all other drivers, see § 42-4-106(1) to (4), C.R.S. 1973, and his reasons for exceeding the speed limit were immaterial with respect to the issue of his negligence. The testimony offered by the sergeant was therefore immaterial and was properly excluded.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.
NOTES
[1] Massachusetts, Oregon, and Utah have legislatively abolished assumption of risk as a separate defense under comparative negligence. Mass.Ann.Laws ch. 231, § 85 (Supp.1976); Or. Rev.Stat. § 18.475 (1975); Utah Code Ann. § 78-27-37 (Supp.1975).
[2] J. Paul Smith Co. v. Tipton, 237 Ark. 486, 374 S.W.2d 176.
[3] Southland Butane Gas Co. v. Blackwell, 211 Ga. 665, 88 S.E.2d 6.
[4] Munson v. Bishop Clarkson Memorial Hospital, 186 Neb. 778, 186 N.W.2d 492.
[5] Raverty v. Goetz, 82 S.D. 192, 143 N.W.2d 859.
[6] Li v. Yellow Cab Co., 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226.
[7] Bulatao v. Kauai Motors, Ltd., 49 Haw. 1, 406 P.2d 887.
[8] Messmer v. Ker, 96 Idaho 75, 524 P.2d 536.
[9] Wilson v. Gordon, 354 A.2d 398 (Me.).
[10] Springrose v. Willmore, 292 Minn. 23, 192 N.W.2d 826.
[11] Bolduc v. Crain, 104 N.H. 163, 181 A.2d 641.
[12] Wentz v. Deseth, 221 N.W.2d 101 (N.D.).
[13] Lyons v. Redding Construction Co., 83 Wash.2d 86, 515 P.2d 821.
[14] McConville v. State Farm Mutual Automobile Ins. Co., 15 Wis.2d 374, 113 N.W.2d 14.