572 P.2d 845 (1977)
LOUP-MILLER, a partnership, and Loup-Miller Construction Co., a Colorado Corporation, Plaintiffs-Appellants,
v.
BRAUER & ASSOCIATESROCKY MOUNTAIN, INC., formerly known as Phelps-Brauer & Associates, and Tim Cox, d/b/a Tim Cox Construction Co., Defendants-Appellees.
No. 76-360.
Colorado Court of Appeals, Div. III.
September 15, 1977.
Rehearings Denied October 13, 1977.
Sterling, Simon & Rubner, Roger L. Simon, Denver, for plaintiffs-appellants.
De Marino & Knapp, William H. Knapp, Denver, for defendant-appellee Brauer & AssociatesRocky Mountain, Inc.
*846 Sheldon, Bayer, McLean & Glasman, P. C., Richard H. Glasman, Denver, for defendant-appellee Tim Cox d/b/a Tim Cox Const. Co.
RULAND, Judge.
Plaintiffs, Loup-Miller, a partnership, and Loup-Miller Construction Co., appeal from the judgment entered upon a jury verdict in favor of defendants, Brauer & AssociatesRocky Mountain, Inc., and Tim Cox, in an action to recover damages for negligent construction of a golf course by defendants. We reverse and remand for a new trial.
The record reflects the following sequence of events. In May of 1972, Loup-Miller purchased land in Westminster to be used for a condominium complex and golf course. Lacking prior experience in construction of golf courses, Loup-Miller contacted Brauer, a landscape architectural firm specializing in such construction, and employed them as subcontractors. Pursuant to this employment Brauer developed a plan for the course and agreed to provide "day-to-day supervision of the construction" as well as recommendations to Loup-Miller for partial performance payments to the various other subcontractors engaged on the project. Loup-Miller employed Cox to perform the earth moving required by Brauer's plans.
Construction of the golf course began in May of 1973. Based upon the recommendation of a soil testing expert and because of peculiar soil conditions, Brauer specified that a two-inch layer of manure be tilled into the soil to a depth of six inches. However, none of the parties had ever used this technique and difficulties ensued. The manure was not of uniform depth and the mixture of soil and manure was not of the specified consistency. As a result the ground was not properly prepared for the planting of grass seed; nevertheless, Loup-Miller directed that seeding proceed in August and September. There was evidence that each of the parties was aware of the problem prior to the seeding. During this time Loup-Miller made payments to Cox, relying on the representations of Brauer that Cox had completed the earth work.
Over the winter it became apparent that the grass was not going to grow and that much remedial work was needed. Accordingly, Loup-Miller undertook repair work on its own and incurred substantial costs and claimed a loss of business profits which it seeks to recover in this action. Brauer and Cox defended on the theories, inter alia, of contributory negligence and assumption of risk.

I.
Loup-Miller first contends that it was error for the trial court to give an assumption of risk instruction. We agree.
This case was tried pursuant to the Colorado Comparative Negligence Statute, § 13-21-111, C.R.S.1973. In Brown v. Kreuser, Colo.App., 560 P.2d 105, 108 (1977), this court held that it was improper to instruct the jury on assumption of risk in a case tried under § 13-21-111, C.R.S.1973, because:
"[T]he doctrine of assumption of risk should be treated under comparative negligence in the same manner as other negligent conduct by a plaintiff. Hence, in actions tried under comparative negligence principles, the fact that a plaintiff knowingly and voluntarily encountered a risk is a factor for the jury to consider in apportioning the respective negligence of the parties but should not necessarily act as a complete bar to a plaintiff's recovery."
Defendants contend that the evidence in this case presents a classical question of assumption of the risk and suggest that Brown is distinguishable because the factual setting in that case actually raised an issue of contributory negligence only. Defendants therefore argue that we should approve the assumption of risk instruction in this case, or, in the alternative, that we should overrule Brown. However, we view the holding of Brown as dispositive and decline to overturn it.
In support of the judgment, defendants claim that since the jury returned a *847 verdict specifying that Loup-Miller was 50 percent negligent for the defects in the golf course, the instruction on assumption of the risk must be deemed harmless error. However, in answer to interrogatories, the jury also stated that Loup-Miller had assumed the risk. Thus, we have no basis for determining to what extent the verdict on negligence was predicated upon the jury's finding of assumption of the risk. Therefore, prejudice must be presumed. See Mosher v. Schumm, 114 Colo. 441, 166 P.2d 559 (1946).

II.
Plaintiffs next contend that it was error for the trial court to submit the question of contributory negligence to the jury. This contention lacks merit.
The question of contributory negligence must be submitted to the jury unless the only inference that reasonable men could draw is that the plaintiff was not negligent. Fowler Real Estate Co. v. Ranke, 181 Colo. 115, 507 P.2d 854 (1973). Here it is clear that conflicting inferences could be drawn on this issue, and thus submission of the question to the jury was proper. Cf. Powell v. City of Ouray, 32 Colo.App. 44, 507 P.2d 1101 (1973).

III.
Finally, plaintiffs contend that the trial court erred when it failed to instruct the jury as to the effect of its findings in a comparative negligence case. Defendants answer that this issue was not properly raised in plaintiffs' motion for new trial. Since the case must be retried, and the problem will arise again, we address this issue on its merits.
Section 13-21-111(4), C.R.S. 1973 (1976 Cum.Supp.), effective at the time of trial, provides:
"In a jury trial in any civil action in which contributory negligence is an issue for determination by the jury, the trial court shall instruct the jury on the effect of its finding as to the degree of negligence of each party."
Hence, as this court held in Appelgren v. Agri-Chem, Inc., Colo.App., 562 P.2d 766 (1977), it is now incumbent upon the trial court in a comparative negligence case to give instructions that apprise the jury on the effects of its findings.
In light of the foregoing conclusions, we do not review the other allegations of error asserted by Loup-Miller.
The judgment is reversed and cause remanded for a new trial consistent with the views expressed in this opinion.
SILVERSTEIN, C. J., and PIERCE, J., concur.