Leona McPHERSON and Robert
McPherson, Appellants,

v.

SUNSET SPEEDWAY, INC., a
corporation, Appellee.

No. 78–1649.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1979.

Decided March 21, 1979.

Warren C. Schrempp of Schrempp &
McQuade, Omaha, Neb. (argued), and Robert L. Horak of Reading, Pauley, Horak &
Mumma, Jefferson, Iowa, on brief, for appellants.

David Svoboda of Kennedy, Holland, De-Lacy & Svoboda, Omaha, Neb., argued and on brief, for appellee.

Before GIBSON, Chief Judge, HENLEY, Circuit Judge, and MEREDITH, District Judge.[*]

HENLEY, Circuit Judge.

This is an appeal from a final judgment of the United States District Court for the District of Nebraska (The Honorable Richard E. Robinson, Senior District Judge) dismissing the complaints of plaintiffs, Robert McPherson and Leona McPherson, his wife, against the defendant, Sunset Speedway, Inc.[1] Plaintiffs are citizens of Iowa; the defendant is a Nebraska corporation with its principal place of business a short distance west of Omaha in Douglas County, Nebraska. Amounts in controversy are substantially in excess of $10,000.00 exclusive of interest and costs. The rights of the parties are governed by Nebraska law.

In October, 1975 the defendant operated a stock car racing track in Douglas County.[2] The litigation arises from the fact that on the evening of October 4, 1975 Mr. McPherson while attending a race that was being run on defendant's track sustained serious personal injuries when a racing car went out of control and entered the infield area of the track where Mr. McPherson and others were standing. Mr. McPherson seeks to recover compensation for his own personal injuries and his wife seeks to recover for the loss of the consortium of her husband. It is the theory of plaintiffs that the injuries of Mr. McPherson were caused by the alleged negligence of the defendant; a number of specifications of negligence were set out in the complaints.[3]

The defendant answered and denied liability. Defendant denied that it was guilty of negligence as alleged by the plaintiffs. Affirmatively, defendant pleaded a waiver and release agreement that Mr. McPherson signed as a condition to being admitted to the infield area, and the defendant also relied on the common law doctrine of assumption of risk as it is understood and applied in Nebraska. See in this connection H. Woods, Comparative Fault, § 6.6, pp. 134 et seq. (1978).

The case was tried to a jury with Judge Robinson presiding. At the conclusion of plaintiffs' case and again at the conclusion of all of the evidence the defendant moved for a dismissal of the complaints or alternatively for a directed verdict. The initial motion was overruled; with respect to the renewed motion the trial judge reserved his ruling.

The case was sent to the jury on special interrogatories and instructions in connection therewith as authorized by Fed.R. Civ.P. 49(a). The jury found from a preponderance of the evidence that the defendant was guilty of negligence as charged by plaintiffs. It also found, however, that Mr. McPherson had voluntarily assumed the risk of a known danger. As to the release that McPherson signed upon being admitted to the infield area, the jury found that he had an opportunity to read the document before he signed it, but that he did not understand what he was signing, and that his signature had been obtained by means of a false representation made on behalf of the defendant.

While the jury's finding as to assumption of risk was favorable to the defendant, the district judge did not enter judgment on the basis of that finding. Rather, the judge went back to the motion for a directed verdict which defendant had made at the close of all of the evidence, and on January

---

[*] The Honorable James H. Meredith, Chief Judge, United States District Court, Eastern District of Missouri, sitting by designation.

[1] The claim of Mrs. McPherson depends for its validity on the validity of the claim of her husband. If he is not entitled to recover, neither is she.

[2] Ownership of the premises has changed since the date above mentioned.

[3] Separate suits were filed by the plaintiffs. Mrs. McPherson filed her suit first. After Mr. McPherson had commenced his action, the two cases were consolidated for further proceedings, and this is a consolidated appeal.

30, 1978 Judge Robinson filed a Memorandum and Order granting the motion on the ground that the evidence established that as a matter of law McPherson had assumed the risk of injury, and that this assumption barred recovery as to both plaintiffs.

Post trial motions filed by plaintiffs having been denied and final judgment entered, this appeal was timely taken. For reversal plaintiffs contend that the district court erred in granting retroactively defendant's motion for a directed verdict, that the district court erred in its instructions to the jury as to assumption of risk, and that the trial court erred in admitting evidence with respect to the release form signed by McPherson upon entering the infield area of the track and erred in admitting an application for insurance benefits that McPherson signed while in the hospital some days after the accident, which document, identified as Defendant's Exhibit 9, indicated that McPherson was not a mere spectator at the race track but was an indirect participant in the event.

In appraising those assignments of error we find it convenient to take up, first, the claims of the plaintiffs that the trial court erred in its instructions about assumption of risk and that it erred in admitting evidence about the release form signed by McPherson and in admitting Defendant's Exhibit 9.

We have read the instructions of the district court, and assuming that Judge Robinson correctly interpreted the law of Nebraska as to assumption of risk, the complaint of plaintiffs about the instructions as such is entirely without merit. As to plaintiffs' complaints about the admission of the evidentiary materials that have been mentioned, it is clear from the record as a whole, including Judge Robinson's opinion and the findings of the jury, that neither the Judge nor the jury accorded any importance whatever to the materials in question, and that if error was committed in connection with their admission, the error was harmless.

This brings us down to the real issue in the case which is whether the defendant was entitled to a directed verdict based on the defense of assumption of risk.

■ In passing upon that question we are required to view the evidence in the light most favorable to the plaintiffs and to give them the benefit of all reasonable inferences in their favor that legitimately may be drawn from the evidence. *Dulin v. Circle F. Industries, Inc.*, 558 F.2d 456, 465 (8th Cir. 1977); *Davis v. Burlington Northern, Inc.*, 541 F.2d 182, 186 (8th Cir.), cert. denied, 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976); *Linn v. Garcia*, 531 F.2d 855, 858 (8th Cir. 1976).

The record reflects that Robert McPherson was born in 1942; in 1975 he and his wife resided in Jefferson, Iowa which is some distance east of Omaha; they have two children. McPherson did not complete high school and at a fairly early age went into construction work. More recently he has been employed as a truck driver hauling, loading, and unloading automobile tires. McPherson apparently has been devoted to sports of various kinds, including stock car racing, and is an experienced racing driver. He is familiar with and seems to have had experience on race tracks similar to that operated by the defendant.

In the fall of 1975 McPherson and certain of his friends in Jefferson were interested in the racing career of another resident of Jefferson, Rich Lyons. Lyons was to participate in the race with which we are concerned, and the race was to be a rather large event.

The defendant's track is a clay or dirt track that runs around an infield that contains service pits for the handling, repair and servicing of stock cars that are engaged in a racing event. Participants in such an event include drivers and owners of racing cars and also include such personnel as mechanics, pit helpers and the like.

Spectators at a racing event ordinarily sit in a grandstand, and in 1975 defendant's grandstand was adequately protected by a wall and fence from invasion by a racing car going out of control in the course of a race. However, the infield area was not

similarly protected. It is not entirely clear what categories of persons were admitted to the unprotected infield area. It seems that theoretically admission to the infield was limited to direct or indirect participants in the racing events, but it is inferable that members of the general public were admitted provided that they were willing to pay the additional admission charge that was exacted from all persons, including participants, who desired admission to the infield. The charge for admission to the infield was $8.00 per person; the charge for admission to the protected grandstand was $5.00 for each person.

On the evening in question McPherson and some of his friends drove to the track from Jefferson, Iowa and purchased tickets that admitted them to the infield. As a condition to obtaining those tickets they were required to sign waiver and release forms freeing the defendant from liability for injuries that the ticket purchasers might sustain while on the premises.

Having been admitted to the infield, McPherson positioned himself between two parked vehicles; a race was in progress at the time. One of the racing cars went out of control and entered the infield; it struck one of the two cars between which McPherson was standing and knocked that car into the other one with McPherson being caught between the two vehicles.

There is no doubt that McPherson was painfully and seriously injured and that he sustained substantial damages. We note, however, that by 1977 he was able to return to his usual work as a truck driver.

As we have mentioned, the substantive rights of the parties are governed by Nebraska law, and with respect to questions of that law the opinion of an experienced local judge is entitled to great weight. *Alsup v. Garvin-Wienke, Inc.*, 579 F.2d 461, 463

(8th Cir. 1978); *Gatzemeyer v. Vogel*, 544 F.2d 988, 992 (8th Cir. 1976).

We agree with Judge Robinson that the Nebraska law with regard to the common law doctrine of assumption of risk was stated authoritatively in *Hollamon v. Eagle Raceways, Inc.*, 187 Neb. 221, 188 N.W.2d 710 (1971), a case not unlike this one. It was there said (188 N.W.2d at 711–12):

. . . [W]here one, knowing and comprehending the danger, voluntarily exposes himself to it, although not [negligent] in so doing, he is deemed to have assumed the risk and is precluded from a recovery for an injury resulting therefrom. *Munson v. Bishop Clarkson Memorial Hospital*, 186 Neb. 778, 186 N.W.2d 492.

*Hollamon* was cited with approval in *Blum v. Brichacek*, 191 Neb. 457, 215 N.W.2d 888, 890 (1974); and we do not consider that the law of Nebraska has been changed in any substantial respect by *Hurlbut v. Landgren*, 200 Neb. 413, 264 N.W.2d 174 (1978), cited by plaintiffs, which was decided a few weeks after Judge Robinson handed down his decision in this case.[4]

In appraising the conduct of McPherson the trial judge said:

. . . The question remains whether, as a matter of law [McPherson] knew and understood the risk to be incurred by [his action]. In this regard, the evidence shows that Mr. McPherson had been a stock car owner and racer since at least 1970. He testified that he had entered similar infield areas on various tracks in Iowa over 100 times and that he knew before entering the infield at Sunset Speedway on October 4, 1975 that there was no° protective barrier between the infield and the track itself. He also testi-

4. We note at this point that in Nebraska the doctrine of contributory negligence or "comparative fault" and the doctrine of assumption of risk can overlap. That is, the assumption of a known risk may in itself constitute negligence on the part of the injured person. However, the two defenses are still separate and distinct and the voluntary assumption of the risk of injury from a known peril is a complete defense in a personal injury suit whereas contributory negligence without assumption of risk may simply go in mitigation of damages. *See* R.S. Neb. § 25–1151 (1975 Replacement) and H. Woods, Comparative Fault, § 6.6, pp. 140 and 514.

fied that he had not considered stock car racing dangerous before entering the infield in question. The Court can lend no credence to this latter testimony since the plaintiff will not be heard to say that he did not comprehend a risk which must have been quite clear and obvious to him. [W. Prosser, Handbook of Law of Torts § 68, p. 448].

From our consideration, we are satisfied that the trial judge made a correct appraisal of the Nebraska law with respect to assumption of risk as a complete defense in a negligence action and did not err in his application of the law to the established facts of the case.

Accordingly, the judgment of the district court is affirmed.