**David A. BELL, Plaintiff-Appellant,**

v.

**Gunnar K. BOKLUND,
Defendant-Appellee.**

No. 84CA0271.

Colorado Court of Appeals,
Div. I.

Oct. 24, 1985.

Rehearing Denied Dec. 5, 1985.

Norton Frickey & Associates, P.C., Dan W. Corson, Lakewood, for plaintiff-appellant.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Franklin D. Patterson, Denver, for defendant-appellee.

BABCOCK, Judge.

In this negligence action, plaintiff, David A. Bell (Bell), appeals from a judgment

entered on a jury verdict for defendant, Gunnar K. Boklund (Boklund), which found Bell 70% responsible for his own injuries sustained when a motorcycle he was riding was struck by Boklund's automobile. Bell asserts that the jury was improperly instructed, and that the damages awarded were inadequate as a matter of law. We affirm.

At the time of the accident, Bell was one of three motorcycle escorts guiding a funeral procession. As he proceeded southbound towards the intersection where the accident occurred, he was driving to the left of the centerline in the northbound lane. The emergency lights on his motorcycle were on, but both his headlamp and siren were turned off. A vehicle driven by Boklund and turning north from the westbound street collided with Bell's motorcycle.

Bell challenges two instructions given to the jury at the close of the evidence which defined as negligence per se a violation of Denver Revised Municipal Code §§ 54–227 and 54–332. *See CJI–Civ.2d* 9:14 (1980). Denver Revised Municipal Code § 54–227 provides in pertinent part:

> "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows ... An obstruction exists making it necessary to drive to the left of the center of the highway; provided, that any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard."

Denver Revised Municipal Code § 54–332 provides in pertinent part:

> "Except upon one-way roadways, it shall be unlawful for any person to drive any vehicle to the left side of the roadway under the following conditions: ... When approaching within one hundred (100) feet or traversing any intersection or railroad grade crossing."

Bell contends that the sole duty of care owed by a funeral procession escort is defined by Denver Revised Municipal Code § 517.5–1 which encompasses only the duty to drive "as close to the right hand edge of the roadway as is practicable." Therefore, he asserts that the above instructions were improperly given because they impose a higher standard of care. We hold they were properly given.

Although Denver Revised Municipal Code § 517.5–1 defines one of the duties of a funeral escort, it is not exclusive because there are other ordinances applicable to an escort's duty of care.

A funeral escort is the driver of an emergency vehicle. *See* Denver Revised Municipal Code § 517.5–3. However, Denver Revised Municipal Code § 503.2 subjects *all* persons to the traffic rules and regulations. This includes the drivers of emergency vehicles. *See* Denver Revised Municipal Code §§ 503.7–1 and 503.7–2; *Brown v. Kreuser*, 38 Colo.App. 554, 560 P.2d 105 (1977). Thus, Bell was under a duty to abide by traffic rules and regulations such as those contained in the disputed instructions, unless relieved therefrom by a specific exception in the traffic ordinances.

Here, Bell was not using his siren so the exceptions to the duty to obey all traffic ordinances contained in Denver Revised Municipal Code § 503.7–1 did not apply to him. *Brown v. Kreuser, supra.* Further, the only exception to otherwise applicable traffic ordinances which is granted to escorted funeral processions is a right to proceed regardless of official traffic control devices, provided that the procession is by the direction of an escort officer. Denver Revised Municipal Code §§ 517.5 and 517.6. This exception was given to the jury as a separate instruction.

The evidence is undisputed that the collision occurred in the intersection, so Bell was entitled to the instruction governing his right-of-way under Denver Revised Municipal Code § 517.5. *See Phillips v. Monarch Recreation Corp.*, 668 P.2d 982 (Colo. App.1983). However, a right-of-way is not an absolute right, but rather is a relative right, and thus, it does not absolve the driver of the responsibility to observe other

applicable traffic rules and regulations. *Denver Equipment Co. v. Newell,* 115 Colo. 23, 169 P.2d 174 (1946).

Since Bell admitted that he was driving on the wrong side of the roadway when the collision occurred, the contested instructions were relevant to his duty of care. Hence, the trial court was correct in instructing the jury on these ordinances. *See Phillips v. Monarch Recreation Corp., supra.*

Since the instructions were proper, Bell's remaining contention that the damages were inadequate is moot. The jury found that Bell was 70% negligent, and therefore, he was not entitled to any recovery. *See* § 13–21–111, C.R.S.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.