**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-2034**

_____

MAYTHAM AL-TAIE,

Plaintiff – Appellant,

v.

SEVEN C'S BUILDING MAITENANCE, INC.,

Defendant – Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Timothy J. Sullivan, Magistrate Judge. (8:20−cv−00298−TJS)

_____

Submitted: March 21, 2023                                    Decided: June 22, 2023

_____

Before HARRIS, and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Ryan P. Richie, WILSON & PARLETT, Upper Marlboro, Maryland, for Appellant. Michael L. Pivor, KIERNAN TREBACH LLP, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maytham Al-Taie appeals a district court order granting summary judgment to Seven C's Building Maintenance, Inc. ("SCBM") in Al-Taie's personal injury action. On appeal, Al-Taie argues that the district court erred in granting summary judgment on the ground that Al-Taie was contributorily negligent as a matter of law when he walked out onto a marble floor that was being mopped by employees of SCBM and then slipped and fell on the wet floor.

We review a district court's grant of summary judgment *de novo*, and "view the evidence and all reasonable inferences from it in the light most favorable to the non-moving party." *Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015) (cleaned up). "Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 228 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)).

Under the governing law of the District of Columbia, a plaintiff's contributory negligence acts as a complete defense to the defendant's liability. *Dennis v. Jones*, 928 A.2d 672, 676 (D.C. 2007). The burden is on the defendant to "establish, by a preponderance of the evidence, that the plaintiff failed to exercise reasonable care," *Poyner v. Loftus*, 694 A.2d 69, 71 (D.C. 1997), by acting "with the prudence of an ordinary reasonable person under the circumstances," *Queen v. Wash. Metro. Area Transit Auth.*, 842 F.2d 476, 479 (D.C. Cir. 1988) (applying District of Columbia law). Here, the district

2

court found that the evidentiary record compelled the conclusion that Al-Taie failed to exercise reasonable care under this objective standard.

We have reviewed the record and the parties' briefs and agree with the district court. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*