Sherman JANIFER, Personal Representative of the Estate of Thomas Redman, Deceased, Appellant,

v.

Sara D. JANDEBEUR, Appellee.

No. 87-1007.

District of Columbia Court of Appeals.

Argued Nov. 16, 1988.
Decided Jan. 10, 1989.

Thomas A. Gentile, with whom Harry W. Goldberg, Chevy Chase, Md., was on the brief, for appellant.

Thomas P. Ryan, Rockville, Md., for appellee.

Before ROGERS, Chief Judge, SCHWELB, Associate Judge, and PRYOR, Senior Judge.

SCHWELB, Associate Judge:

Plaintiff-appellant's decedent, Thomas Redman, was a passenger in an automobile operated by William Braxton. He was killed in a collision between the car in which he was riding and another vehicle operated by the defendant-appellee, Sara D. Jandebeur. At the conclusion of a trial

in the Superior Court, the jury found, in response to special questions propounded by Judge A. Franklin Burgess, Jr., that both Braxton and Ms. Jandebeur were negligent and that Redman assumed the risk by riding with Braxton while the latter was driving under the influence of alcohol. Judge Burgess entered judgment in favor of Ms. Jandebeur, and Redman's personal representative now appeals.

■ Appellant first contends that the trial judge incorrectly instructed the jury that Redman assumed the risk if he knew *or should have known* of the existence of a dangerous situation. He objects to the italicized words. *See Morrison v. MacNamara,* 407 A.2d 555, 566 (D.C.1979). We do not believe that this contention was properly preserved on appeal. Although appellant objected to the trial judge's instructing the jury at all as to assumption of risk or contributory negligence, claiming that the evidence was insufficient to support such an instruction, he never raised any issue in the trial court as to the "should have known" language. Indeed, his counsel suggested those very words to the judge during the discussion of proposed instructions. He cannot now be heard to complain of what he himself has wrought. *See* Super.Ct.Civ.R. 51; *District of Columbia v. Mitchell,* 533 A.2d 629, 633 (D.C. 1987).

■ Even if the issue had been properly preserved, we think that the instruction was proper. Redman voluntarily exposed himself to an unreasonable risk when he rode or continued to ride with an inebriated driver. Where a plaintiff has acted in this way, the concept of "assumption of risk" overlaps with contributory negligence and amounts to the same defense. *See Scoggins v. Jude,* 419 A.2d 999, 1004–05 (D.C. 1980), citing RESTATEMENT (SECOND) OF TORTS § 466, Comment d. (1965).[1] "Should have known" being appropriate in the context of contributory negligence, we are sat-

isfied that there was no reversible error in relation to the trial judge's instruction. *See Todd v. Jackson,* 109 U.S.App.D.C. 7, 9–10, 283 F.2d 371, 373–74 (1960); *Baltimore County v. State,* 232 Md. 350, 365, 193 A.2d 30 (1963). As the court stated in the *Baltimore County* case:

Reason and authority alike support the rule that if a person voluntarily rides in an automobile driven by one who is intoxicated and the passenger knows, or under the circumstances should have known, the intoxicated condition of the driver he is precluded from recovering from such driver or a third person for injuries sustained in an accident if the intoxicated condition of the driver was the proximate cause or one of the proximate causes of the accident producing the injuries in question.

*Id.* at 365, 193 A.2d at 38–39, quoting from *Packard v. Quesnel,* 112 Vt. 175, 181–82, 22 A.2d 164, 167 (1941).

■ Appellant also contends in this court, as he did below, that there was insufficient evidence to support a finding that he knew or should have known that it would be dangerous to ride with Braxton. For all practical purposes, he asks us to rule that Ms. Jandebeur must prove by direct rather than by circumstantial evidence that Redman knew or should have known of the risk in question. We do not agree.

A party may satisfy its burden of production by offering circumstantial evidence. *District of Columbia v. Savoy Const. Co.,* 515 A.2d 698, 708 n. 12 (D.C. 1986). Indeed, circumstantial evidence may be more certain, satisfying and persuasive than direct evidence. *Michalic v. Cleveland Tanker, Inc.,* 364 U.S. 325, 330, 81 S.Ct. 6, 11, 5 L.Ed.2d 20 (1960); *see also Christie v. Callahan,* 75 U.S.App.D.C. 133, 147–48, 124 F.2d 825, 839–40 (1941) (per Rutledge, J.). In the present case, there

---

1. *See also Sinai v. Polinger Co.,* 498 A.2d 520, 524 (D.C.1985) and *Queen v. Washington Metropolitan Area Transit Authority,* 268 U.S.App.D.C. 480, 842 F.2d 476 (1988), for comprehensive discussions of the issue. As these authorities suggest, Standardized Civil Jury Instruction for the District of Columbia No. 5.16 (1981) merits revision in order to make it clear that the concept of "should have known" relates to contributory negligence and is not a part of pure assumption of risk analysis.

was evidence which the jury had a right to believe tending to show that Braxton was "obviously drunk" [2] shortly after the accident, that Redman had also consumed alcohol, that the two men were friends, that they had been sober a few hours earlier, that there was a woman in the car when the accident occurred, and that Braxton and Redman had not gone to work as originally contemplated. Under these circumstances, which suggest that the two men had been drinking together, we agree with Judge Burgess that

> the jury could infer, without speculating, that Redman knew that Braxton had been drinking, was affected by the alcohol, and voluntarily chose to ride with him in that condition.

AFFIRMED.

---

**2.** A police officer so testified. Counsel advised us at argument that Braxton was thereafter convicted of vehicular homicide.