Barbara ROBINSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 88–923.

District of Columbia Court of Appeals.

Argued March 5, 1990.
Decided May 8, 1990.
Rehearing and Rehearing En Banc
Denied Sept. 21, 1990.

Gerald I. Holtz, with whom Harold A. Sakayan, Washington, D.C., was on the brief, for appellant.

James C. McKay, Jr., Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Acting Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEWMAN and FARRELL, Associate Judges, and MACK, Senior Judge.

MACK, Senior Judge:

This case arises from an action by appellant against the District of Columbia ("the District") for damages sustained when she was struck by a vehicle owned and operated by the District. On appeal from a directed verdict in favor of the District, appellant claims that the trial court erred in concluding that she was contributorily negligent as a matter of law and thus barred from recovery. She also challenges the trial court's ruling that the doctrine of last clear chance, which would allow appellant to recover even if she were contributorily negligent, did not apply to this case.

On the morning of December 14, 1983, appellant parked her car in the parking garage at the Department of Labor building located at Third and C Streets, N.W. She walked out of the garage and stood at a curb just north of the parking lot exit ramp, waiting for an opportunity to cross Third Street. On the other side of the street there was a vehicle exit ramp for the District of Columbia Municipal Building. Appellant noticed a police van coming up this ramp but she was not concerned about the vehicle because she assumed that the driver would see her. She then attempted to cross Third Street without using a crosswalk, although there were two marked crosswalks with "Walk/Don't Walk" devices within view on either side of the location. After she reached the double yellow lines separating the north and southbound lanes of the street, she was struck by the police van. Appellant did not see the van before it struck her because she was looking to her right to be sure that the southbound lane of the street was free from traffic.

The trial court in granting the District's motion for a directed verdict, concluded that appellant violated traffic regulations by failing to use a crosswalk to cross Third

Street, that this violation was a proximate cause of the accident, and that therefore no reasonable juror could find anything other than that appellant was contributorily negligent, and thus barred from recovery under District of Columbia law. *See Felton v. Wagner*, 512 A.2d 291, 296 (D.C.1986). In holding that the doctrine of last clear chance did not apply to this case, the court concluded that no reasonable juror could find that the van driver could have avoided the accident once he saw appellant.

## I.

█ In this court, appellant first challenges the trial court's conclusion that she was contributorily negligent as a matter of law. Where a party violates a statute, and the violation is a proximate cause of an injury which the statute was designed to prevent, there is a rebuttable presumption of negligence on the part of the violator. *Lewis v. Washington Metropolitan Area Transit Authority*, 463 A.2d 666, 674 (D.C. 1983). If the violator demonstrates that she did everything a reasonably prudent person would have done to comply with the law, then her violation merely constitutes evidence of negligence rather than negligence *per se*. *Leiken v. Wilson*, 445 A.2d 993, 1003 (D.C.1982).

█ Appellant argues that in ruling on the directed verdict motion, the trial court improperly refused to consider evidence of the common practice of pedestrians at the location of the accident. She argues that such evidence is relevant to support her contention that she did not in fact violate any traffic regulation. While acknowledging that a pedestrian who crosses a roadway outside of a crosswalk thereby violates Title 18 of the District of Columbia Municipal Regulations governing pedestrians ("traffic regulations"), 18 DCMR § 2304.1 (1987),[1] appellant argues that custom and usage had established a *de facto* crosswalk at the location where she crossed.

---

1. Section 2304.1 provides:
   Between adjacent intersections controlled by traffic control signal devices or by police offi- cers, pedestrians shall not cross the roadway at any place except in a crosswalk.
   18 DCMR § 2304.1 (1987).

We reject appellant's contention. A rule providing that the common practice of pedestrians can establish a crosswalk would ignore the interests of motorists who, in the absence of a marked crosswalk or an intersection, have no warning that pedestrians may be entering the roadway. Our holding is consistent with the law in other jurisdictions. *See, e.g., Seymour v. State Farm Mutual Insurance Co.*, 508 S.W.2d 572, 574 (Ky.1974); *Wells v. Alderman*, 117 Ga.App. 724, 728–731, 162 S.E.2d 18, 23–24 (1968); *Van v. McPartland*, 242 Md. 543, 546, 219 A.2d 815, 817 (1966).

In the alternative, appellant contends that evidence of the common practice of pedestrians would have been relevant to support her contention that she acted reasonably under the circumstances. Citing *Leiken, supra*, 445 A.2d at 1002–03, she argues that even if she violated the traffic regulations, because her actions were reasonable, the violation is only evidence of negligence rather than negligence *per se*.[2]

Appellant's argument misconstrues the standard set out in *Leiken, supra*, 445 A.2d at 1003. The *Leiken* standard does not excuse violations of the law where such violations are common practice, or even where a reasonable person might commit a similar violation. *Id.* Rather, *Leiken* requires that the defendant make a reasonable attempt to *comply with* the law. *Id.* The defendant in *Leiken* was held not to be liable for an accident resulting from the failure of his brakes, which were not in compliance with applicable regulations. The *Leiken* court affirmed a judgment in favor of the defendant because he had done everything a reasonable person would do to ensure that his brakes complied with the

regulations. Here, appellant made no attempt to comply with the law; she disregarded two designated crosswalks which were a short distance from the location of the accident.

## II.

Appellant next argues that the evidence which was admitted at trial was sufficient to warrant denial of the District's motion for a directed verdict. She contends that evidence of the layout of the point where she attempted to cross established that there was a *de facto* crosswalk at that location. She notes that there are blinking traffic control lights at the end of both parking ramps, and two lights governing the traffic on Third Street. In addition, there is a stop line painted across the southbound lane of the street, which is the lane closest to the Municipal Building exit ramp.

■ Contrary to appellant's assertions, the physical characteristics of the accident location are not sufficient to create a *de facto* crosswalk. Appellant's argument is inconsistent with the traffic regulations, which define a crosswalk as follows:

[T]hat part of a roadway *at an intersection* included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs, or in the absence of curbs, from the edges of the transversable roadway; OR any portion of the roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface.

**2.** Appellant also argues that even if she did violate a traffic regulation, her violation was not a proximate cause of the accident. She claims that because the accident occurred when she had reached a "position of safety" in the center of the road, any danger she had created by entering the roadway had ceased. On the contrary, the center of a busy street cannot be considered a "position of safety," and her action in entering the roadway was a proximate cause of the accident.

In addition, appellant contends that 18 DCMR § 2300.2 (1987) imposes a duty on drivers which, except in the most extreme cases, takes

precedent over any duty of care required of pedestrians. Section 2300.2 provides:
Notwithstanding the provisions of [Chapter 23, which contains regulations governing pedestrians] ... every driver of a vehicle shall ... [e]xercise due care to avoid colliding with any pedestrian upon any roadway.
18 DCMR § 2300.2 (1987). This provision merely sets out the duty which drivers owe pedestrians, and does not determine the liability of a driver who breaches that duty. In the District of Columbia, the question of liability in such cases is a matter for judicial determination. *See, e.g., Felton, supra*, 512 A.2d at 296.

18 DCMR § 9901 (1987) (emphasis added). Section 9901 defines an intersection as "the area embraced within the prolongation or connection of the lateral curb lines ... of *two or more roadways which join one another at an angle.*" 18 DCMR § 9901 (1987) (emphasis added). Thus, in cases such as this where there is no express demarcation, a crosswalk exists only where two roadways meet. Since the parking lot exit ramps on opposite sides of Third Street do not constitute a roadway, the location is not a crosswalk for purposes of the traffic regulations.

Appellant also argues that the court's directed verdict was error because a jury could have found that she acted reasonably based on the evidence in the record. At trial she testified that she had been told that crossing was permitted wherever an area was controlled by traffic lights. In addition, she argues that the layout of the accident scene, while it might not create a crosswalk as a matter of law, would lead a reasonable person to think it was in fact a crosswalk. Appellant's argument is not persuasive. With the exception of a few situations not relevant here, professed ignorance of the law is not a valid defense to its violation. *See McIntosh v. Washington*, 395 A.2d 744, 756 (D.C.1978).

### III.

■ Finally, appellant argues that the trial court erred in ruling that the doctrine of last clear chance did not apply to this case. Pursuant to this doctrine appellant would have been able to recover, even if she had been found contributorily negligent, if the driver of the police van had the "last clear chance" to avoid the accident. *See Felton, supra,* 512 A.2d at 296. In order to warrant a jury instruction on the last clear chance doctrine, a plaintiff must present evidence that:

(1) ... the plaintiff was in a position of danger caused by the negligence of both plaintiff and defendant; (2) ... the plaintiff was oblivious to the danger, or unable to extricate herself from the position of danger; (3) ... the defendant was aware, *or by the exercise of reasonable care should have been aware,* of the plaintiff's danger and of her oblivion to it or her inability to extricate herself from it; and (4) ... the defendant, with means available to him, could have avoided injuring the plaintiff after becoming aware of the danger and the plaintiff's inability to extricate herself from it, but failed to do so.

*Id.* (emphasis added). Here, the trial court found that appellant did not meet the fourth requirement, because she failed to present evidence that the driver could have avoided the accident "after becoming aware of the danger."

■ The trial court misapplied the fourth requirement of the last clear chance doctrine. Pursuant to this requirement, a defendant's actions are judged according to what he should have seen, not only what he actually did see. *See, e.g., Felton, supra,* 512 A.2d at 297; *Byrd v. Hawkins,* 404 A.2d 941, 942 (D.C.1979); *Washington Metropolitan Area Transit Authority v. Jones,* 443 A.2d 45, 51–52 (D.C.1982). A contrary holding would allow a defendant to avoid liability in cases where he failed to see the plaintiff due to his own negligence. Such a result would be inconsistent with the third requirement of the doctrine, which applies to defendants who *should have been aware* of a plaintiff's danger. *Felton, supra,* 512 A.2d at 296.[3] We recognize that our formulation of the fourth requirement may have misled the trial court, and we now make clear that it pertains to a defendant who, with means available to him, could have avoided injuring the plaintiff after he became aware of, or reasonably should have become aware of, the

---

**3.** The District argues that the facts of this case are similar to those in *Felton, supra,* 512 A.2d at 291, where we upheld a trial court decision not to instruct the jury on the doctrine of last clear chance. In fact, *Felton* is distinguishable from the case before us. The defendant in *Felton,* who struck the plaintiff pedestrian with his car, could not have seen the plaintiff, even in the exercise of utmost care, because there was a truck blocking his view. *Id.* at 297. Here, by contrast, there was nothing obstructing the driver's view of appellant, and a reasonable juror could infer that the driver should have seen appellant as she walked across Third Street.

danger and the plaintiff's inability to extricate himself from it.

There is substantial evidence in the record from which a juror might infer that the driver could have avoided the accident had he been more careful. For example, there was evidence that (1) the driver did not stop before he exited the ramp as he was required to do; (2) the driver was going fast, and was looking down and to the right as he exited the ramp; (3) the driver turned north on Third Street at a forty-five-degree angle rather than crossing the southbound lanes and then beginning his left turn; and (4) a passenger in the van saw appellant before the driver did, and warned the driver to "look out." Given this evidence, the trial court should have allowed the jury to determine if the driver had the last clear chance to avoid the accident.[4]

The order directing a verdict in favor of the District is reversed and the case remanded for further proceedings.

*Reversed and remanded.*

---

**4.** In light of this evidence, we are not persuaded by the District's claim at oral argument that the evidence showed *no more than* primary negligence by the officer. We emphasized in *Felton* that "[i]t is not the right of every injured party who has been contributorily negligent to seek the aid of the doctrine of last clear chance," 512 A.2d at 296 (citation omitted), and we reiterate that point here.