**Benjamin BOLAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 88–1052 & 88–1053.**

District of Columbia Court of Appeals.

Submitted Oct. 22, 1990.
Decided March 12, 1991.

---

Kenneth E. Sealls, Washington, D.C., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, Elizabeth Trosman, and Carolyn K. Kolben, Asst. U.S. Attys., were on the brief, Washington, D.C., for appellee.

Before SCHWELB and WAGNER, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

A jury convicted appellant, Benjamin Bolan, of the attempted breaking and entering of a parking meter, D.C.Code §§ 22–3427, –103 (1989 Repl.), and of willful failure to appear in court, D.C.Code § 23–1327 (1989 Repl.). He was sentenced to one hundred and eighty days on each count, sentences to run consecutively. On appeal, Mr. Bolan contends that the evidence in each case was insufficient to support the convictions. We agree and reverse.

Appellant and a companion were arrested for attempting to break into a parking meter. After his arrest, appellant was released on his personal recognizance and ordered to report to courtroom 27 of the Superior Court on January 5, 1988. Due to a scheduling change, the hearing was held in courtroom 43. When Bolan did not appear, a bench warrant was issued for his arrest. He was subsequently charged with failure to appear in court. The two cases were consolidated by Judge Hamilton.

At trial, an eyewitness and the arresting officer both testified, identifying appellant as one of the two men who were trying to break into the meter. The government presented no evidence that appellant lacked authority to open the meter. At the close of the government's case-in-chief, appellant's counsel moved for a judgment of acquittal which the court denied. Appellant presented no defense to the breaking and entering charge.

■ Appellant argues, and the government concedes, that because the government failed to prove beyond a reasonable doubt that he lacked authority to open the meter, the evidence was insufficient to support a conviction. *See Craig v. United States,* 490 A.2d 1173, 1178 (D.C.1985). We therefore reverse the judgment and remand to the trial court to vacate the conviction for attempted breaking and entering.

Appellant also contends there was insufficient evidence to support a conviction for his failure to appear in court. Specifically, he argues, the government failed to show that he willfully failed to appear. According to the bench warrant, issued after appellant failed to appear in courtroom 43, the case, which had originally been assigned to Judge Suda in courtroom 27, was subsequently transferred to Judge Hamilton in courtroom 43. A courtroom clerk testified that all cases in a given calendar are posted in various places in the courthouse; however, she did not know where

the calendar was posted on January 5th.[1] Again, appellant's motion for judgment of acquittal was denied.

 To obtain a conviction for the crime of failure to appear, the government must prove four elements: (1) that the appellant was released prior to trial, (2) that he was required to appear in court on a specific date, (3) that he failed to appear and (4) that his failure was willful. *See Trice v. United States*, 525 A.2d 176, 179 (D.C.1987); *Raymond v. United States*, 396 A.2d 975, 976 (D.C.1979). The government must show that the failure to appear was "knowing, intentional and deliberate rather than inadvertent or accidental." *See Trice, supra*, 525 A.2d at 181. According to appellant, the government presented no evidence that he did not appear in the initially assigned courtroom 27, nor did it establish that he had notice of the courtroom change. Appellant maintains that the testimony of the courtroom clerk, in this case, was not sufficient to satisfy the notice of courtroom change requirement.

Recently, we addressed the same issue under similar circumstances. In *Smith (Stephen) v. United States*, 583 A.2d 975 (D.C.1990), this court stated that in order to establish a prima facie case the government bears the burden of showing that an appellant received timely notice of the room change. *Id.* at 984. This burden may be met by proof of actual notice or by evidence of the routine practice of an organization or institution.[2] However, a foundation establishing a minimum competence to testify is necessary to the admissibility of the testimony of a courtroom clerk on the general practice of posting notice of courtroom changes. *Id.* at 985–86. Because no such foundation was established in the instant case, *Smith* is controlling.

Accordingly, the judgments are reversed.

*So ordered.*

SCHWELB, Associate Judge, concurring:

Everybody knows that if Bolan had been a District of Columbia employee with authority to try to take money from a parking meter,[1] he would assuredly have mentioned this to the police, and there would have been no prosecution. I am therefore of the opinion that, in the absence of any evidence to the contrary, a reasonable jury could conclude beyond a reasonable doubt that Bolan broke into the device without authority to do so. In fact, a juror with the slightest familiarity with human nature could hardly reach any other conclusion. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *Janifer v. Jandebeur*, 551 A.2d 1351, 1352 (D.C.1989).

I believe that neither the presumption of innocence nor the privilege against self-incrimination would be in imminent (or even remote) peril if we allowed the jury to employ its common sense in this way to reach the only just result. Contrary notions based on "Adversary System über Alles" do not persuade me and would not, I suspect, persuade the significant number of judges and lawyers, and the overwhelming majority of lay people, who believe that perfect theoretical symmetry must occasionally be sacrificed in favor of what Justice Frankfurter has called "the saving grace of common sense." *Bell v. United States*, 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955); *see also* P. VINOGRADOFF, COMMON SENSE IN LAW 9 (1913) ("Although the details of legal rules are complicated and technical, the operations of the mind in

1. The clerk testified that cases are posted on a calendar located in the Clerk's office, the intake section, courtrooms, and on courtroom doors.

2. The court in *Smith* followed Federal Rule of Evidence 406, Habit; Routine Practice which provides:

 Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the

presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

1. An authorized individual would hardly have had to try to "break into" the parking meter, as Bolan and his confederate did for several minutes, or to leave scratches on the device by scraping it with a hammer and a screwdriver.

the domain of law are based on common sense ...").

Nevertheless, we are bound by *Craig v. United States*, 490 A.2d 1173, 1178 (D.C. 1985), in which this court held exactly what our *per curiam* opinion in this case says it held. To me, that kind of decision tends to foster the perception that some rules of law are insufficiently grounded in reality to achieve the ends of justice, and that they have more to do with preserving the integrity of arcane theorems incomprehensible to the public than with dispensing justice on the merits. This cannot be good either for our judicial branch or for our citizens.

*Cf. Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986).

Nevertheless, the government has not asked us to reconsider *Craig*. That, I am afraid, is that. Accordingly, I join the opinion of the court.[2]

---

**2.** I am in complete agreement with the analysis in the *per curiam* opinion of the failure to appear count.