Eleanor T. JOHNSON, et al., Appellees,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, Appellant.

No. 95–7254.

United States Court of Appeals,
District of Columbia Circuit.

March 26, 1999.

Before: WALD, WILLIAMS, and
GINSBURG, Circuit Judges.

## J U D G M E N T

PER CURIAM.

In 1986, of her own volition and intending to commit suicide, Devora Johnson jumped from a subway station platform into the path of an oncoming WMATA train and was killed. Her parents brought a wrongful death action against the WMATA and ultimately obtained a jury verdict in their favor. The jury found that the WMATA had the last clear chance to save Ms. Johnson and that the train operator acted willfully or wantonly in his operation of the train. *See John-son v. WMATA*, 98 F.3d 1423, 1424–25 (D.C.Cir.1996).

The WMATA moved for judgment as a matter of law, which the district court denied, and then filed this appeal, arguing that the Johnsons are barred from recovering under the' doctrine of "last clear chance" because Ms. Johnson had assumed the risk of death by jumping onto the tracks. Because we were unable to find a controlling District of Columbia precedent on this point, we certified the following question to the District of Columbia Court of Appeals:

Under District of Columbia law, and upon the facts described below, may a plaintiff who has voluntarily assumed an unreasonable risk of incurring a particular injury recover from a defendant who failed to take the last clear chance to prevent that injury?

*Johnson*, 98 F.3d at 1424.

The District of Columbia Court of Appeals has answered the question in the negative. *See WMATA v. Johnson*, 726 A.2d 172 (D.C.App.1999). The court held that Ms. Johnson "purposely invited the harm .... [and] thereby relieved WMATA of any duty it otherwise owed her, including a duty to grasp the final opportunity—the last clear chance—to avert a harm brought about by her own intentional act." *Id.* at 175; *see also id.* at 176 ("Plaintiff has cited no authority, and we have found none, that would apply last clear chance to a plaintiff's conduct deliberately intended to bring about the harm another inflicts, either negligently or recklessly. *Violenti non fit injuria* ('to the willing no injury is done')"). The court concluded that the doctrine of "last clear chance may not be employed to restore liability in another for a plaintiff's suicidal act." *Id.* at 178.

Because D.C. law does not allow the Johnsons to recover under the doctrine of last clear chance, it is

ORDERED and ADJUDGED that the judgment of the district court from which this appeal has been taken be REVERSED and that judgment as a matter of law be entered for the appellant. It is

FURTHER ORDERED, on the court's own motion, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. R. 41(a)(1). This instruction to the clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.